UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JAMES HENRY PENN,<br><br>　　　　　Petitioner<br><br>　　v.<br><br>STATE OF CALIFORNIA,<br><br>　　　　　Respondent. | No. CV 16-9466-PLA<br><br><br>**MEMORANDUM DECISION AND ORDER** |

**I.**

**SUMMARY OF PROCEEDINGS**

In 2004, a Los Angeles County Superior Court jury found petitioner guilty of two counts of second degree robbery, in violation of California Penal Code section 211, and one count of evading a police officer, in violation of California Penal Code section 2800.2 (Respondent's Notice of Lodging No. 1). The jury also found that a principal personally used a handgun in committing the charged robberies. (Cal. Penal Code § 12022.53). (Id.). Subsequently, petitioner admitted that he had been convicted of a serious felony and that he had served a prior prison term (Cal. Penal. Code §§ 667, 1170.12). (Id.). The trial court sentenced petitioner to twenty-eight years and four months in state prison. (Id.).

Petitioner appealed his conviction and sentence. (See id.). On August 24, 2005, the California Court of Appeal affirmed the judgment. (Id.). Petitioner did not file a petition for review in the California Supreme Court.

On September 13, 2006, petitioner filed a petition for writ of habeas corpus in the Los Angeles County Superior Court, which was denied on November 2, 2006. (See Lodgment No. 2 at 13-14). Petitioner then filed a petition for writ of habeas corpus in the California Court of Appeal, which was denied on January 25, 2007. (Lodgment Nos. 3-4). Petitioner then filed a petition for writ of habeas corpus in the California Supreme Court, which was denied on July 11, 2007. (Lodgment Nos. 5-6).

Over eight years later, on February 16, 2016, petitioner initiated another series of unsuccessful state collateral attacks on his conviction and sentence, the last of which was denied by the California Court of Appeal on November 2, 2016. (Lodgment No. 2 at 14-15, 18-20; Lodgment Nos. 7-16).

On December 12, 2016, petitioner constructively filed his Petition in this Court and consented to have the undersigned Magistrate Judge conduct all further proceedings in this matter. (Docket Nos. 1-2). Respondent, likewise, consented to have the undersigned Magistrate Judge conduct all further proceedings and, thereafter, filed a Motion to Dismiss the Petition. (Docket Nos. 13-14). On June 23, 2017, petitioner field an Opposition to the Motion to Dismiss. (Docket. No. 18). This matter has been taken under submission, and is ready for decision.

## II.

## **PETITIONER'S CONTENTION**

The trial court imposed an illegal sentence by applying a single sentencing factor to justify multiple increases to petitioner's sentence. (Pet. at 5).

/
/
/
/

# III

# **THE PETITION IS BARRED BY THE STATUTE OF LIMITATIONS**

Respondent argues that the Petition is barred by the one-year statute of limitations as prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). (Motion to Dismiss at 5-10).

## A. The Limitations Period

The Petition was filed after the enactment of the AEDPA. Pub. L. No. 104–132, 110 Stat. 1214 (1996). Therefore, the Court applies the AEDPA in its review of this action. See Lindh v. Murphy, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA imposes a one-year period of limitation for state prisoners to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). That section provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2244(d)(1)(A)-(D).

Here, petitioner did not file a petition for review in the California Supreme Court. Thus, under California law, his conviction became final on October 3, 2005, forty days after the court of appeal affirmed his conviction on August 24, 2005. See Cal. R. Ct. 8.264(b)(1), 8.500(e)(1); see also Smith v. Duncan, 297 F.3d 809, 812-13 (9th Cir. 2002). The limitations period for seeking

federal habeas relief expired one year later, on October 3, 2006. Petitioner, however, constructively filed the instant Petition on December 12, 2016, over *ten* years later.

Consequently, the present action is untimely, unless statutory or equitable tolling of the limitations period is warranted.

**B.    Statutory Tolling**

The running of the AEDPA limitation period is "statutorily tolled" while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). This provision tolls the statute for the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application. The statute is not tolled between the time a final decision is issued on direct review and the time the first state collateral challenge is filed, because there is no case "pending" during that time. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.1999).

Here, statutory tolling does not render the Petition timely. Assuming that petitioner is entitled to statutory tolling from the date on which his conviction became final until the date on which he completed his first full round of state collateral attacks on his conviction and sentence, the Petition nevertheless would be untimely because petitioner allowed an additional eight years to elapse before initiating his second series of collateral attacks. The statute of limitations was not tolled during that eight-year period. Accordingly, absent equitable tolling, the Petition is untimely.

**C.    Equitable Tolling**

The AEDPA statute of limitations is subject to equitable tolling in appropriate cases. Holland v. Florida, 560 U.S. 631, 645, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010). In order to qualify, a petitioner must demonstrate (1) that he has been pursuing his rights diligently, and (2) that an "extraordinary circumstance" stood in his way that prevented him from timely filing. Id. at 649 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). The "extraordinary circumstance" requirement "suggests that an external force must cause the untimeliness, rather than . . . merely oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling." Waldron-Ramsey v. Pacholke,

556 F.3d 1008, 1011 (9th Cir. 2009) (internal quotation marks and citation omitted). "The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances made it impossible to file a petition on time." Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009) (citations, internal quotations marks, and brackets omitted).

Here, petitioner contends that he is entitled to equitable tolling of the statute of limitations period because he is a layman and, therefore, lacks the requisite legal sophistication to comply with the applicable limitations period. (See Opp. at 10). The Ninth Circuit, however, repeatedly has held that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Waldron-Ramsey, 556 F.3d at 1013 n.4 ("[W]e have held that a pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling[.]") (citation omitted).

Accordingly, petitioner is not entitled to equitable tolling of the statute of limitations.

**D.**  **Factual Predicate of Petitioner's Challenge to His Sentence**

Presumably relying on 28 U.S.C. § 2244(d)(1)(D), petitioner contends that his Petition is timely because his claim is based on "newly discovered evidence." (Opp. at 3, 9). In particular, he asserts that he "only recently discovered" why the sentence that the trial court imposed purportedly contravenes California law. (Id. at 9).

For purposes of section 2244(d)(1)(D), the statute of limitations begins to run when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001). Here, petitioner was aware at the time of his sentencing date how his sentence was computed. That petitioner may not have appreciated the legal significance of that fact until a later point in time is of no consequence. See Torres v. Johnson, 2015 WL 5025524, at *2 (C.D. Cal. June 1, 2015). Moreover, petitioner cites no reason why he could not have discovered the legal basis for his claim years before he filed the instant Petition. Indeed, he evidently discovered the purported error in

his sentence by simply researching California sentencing law. (Opp. at 7-9). This purported error could have been discovered at any point after petitioner's sentence was imposed.

In short, the factual (and legal) predicate of petitioner's claim was readily discoverable when petitioner was sentenced. Consequently, petitioner is not entitled to a later start date of the applicable limitations period.

### E. Conclusion

Petitioner failed to file his federal habeas petition within one year of the date on which the AEDPA's one-year limitations period began to run. Neither statutory nor equitable tolling brings the Petition within the limitations period. The Petition, therefore, is time-barred.

**CERTIFICATE OF APPEALABILITY**

Under Rule 11(a) of the Rules Governing § 2254 Cases, a court must grant or deny a certificate of appealability ("COA") when it denies a state habeas petition. See also 28 U.S.C. § 2253(c).

An appeal may not be taken from the denial by a district judge of a habeas petition in which the detention complained of arises out of process issued by a state court "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b). "A certificate of appealability may issue . . . only if . . . [there is] a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Here, the Court has concluded that the Petition is time-barred. Thus, the Court's determination of whether a certificate of appealability ("COA") should issue is governed by the Supreme Court's decision in Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000), where the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when . . . jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484. As the Supreme Court further explained:

| | |
|---|---|
| 1 |     Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal. Each component of the § 2253(c) showing is part |
| 2 | of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is |
| 3 | more apparent from the record and arguments. |

Id. at 485.

The Court finds that the requisite showing has not been made that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling" that the Petition is time-barred.

THEREFORE, pursuant to 28 U.S.C. § 2253, a certificate of appealability is denied.

## IV.

## **ORDER**

For the foregoing reasons, respondent's Motion to Dismiss is **granted**. Accordingly, IT IS HEREBY ORDERED that Judgment is entered denying and dismissing the Petition with prejudice. A certificate of appealability is **denied**.

DATED: July 5, 2017

*Paul L. Abrams*

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE